IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 16, 2002 Session

## ERIC BROOKS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 98-B-967     Seth Norman, Judge**

--------

**No. M2000-02139-CCA-R3-CD - Filed March 12, 2002**

--------

The Defendant, Eric Brooks, pled guilty to the sale of a controlled substance and received a sentence of twelve years to be served on Community Corrections. The Defendant was subsequently arrested and his case officer filed an affidavit indicating that his arrest constituted a violation of his Community Corrections program. A hearing was held, at which the Defendant was represented by counsel, and the trial judge revoked the Defendant's Community Corrections sentence, re-sentencing him to fourteen years in the Department of Correction. The Defendant subsequently filed a petition for post-conviction relief, which the trial court eventually dismissed summarily. The Defendant now appeals from that dismissal. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Susan L. Kay; Ryan P. Green; and Sonja Clayton-Pedersen, Nashville, Tennessee, for the appellant, Eric Brooks.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Pam Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The gravamen of the Defendant's petition for post-conviction relief is that the trial court erred by revoking his sentence of Community Corrections on the basis of an arrest and re-sentencing him to fourteen years' incarceration. Specifically, he claims that "a mere accusation standing alone,

is not sufficient to justify revocation of a Community Corrections Sentence."[1]  As grounds for post-conviction relief the Defendant avers that "the trial court erred in the revocation of petitioner's probation [sic] as per the Due Process Clause of the United States Constitution, Fourteenth Amendment."

In response to this petition, the trial court filed an order finding that the petition "does not comply with Rule 28 Section 5(e) of the Rules of the Supreme Court."[2]  The trial court therefore ordered that the Defendant had fifteen days to amend his petition in order to bring it into compliance with Rule 28.  The order further provided that if the petition was not amended within the fifteen days, "the petition shall be dismissed."  Approximately three weeks later, the Defendant filed a motion for extension of time in which he requested an additional fifteen days to comply with Rule 28, and in which he requested the trial court to "indicate . . . exactly what is needed to be done" to bring the petition into compliance with Rule 28.  No further pleadings or orders were filed until August 14, 2000, ninety days after the trial court's initial order.  At that time, the trial court filed an order dismissing the petition on the grounds that no amendment to the petition had been filed.

The Defendant now appeals the trial court's summary dismissal of his petition, arguing that the trial court's original order "did not provide him with a reasonable opportunity to amend," and that the trial court erred in summarily dismissing the petition because it stated a "colorable claim" for relief on grounds of ineffective assistance of counsel.  We find both arguments to be without merit.

Post-conviction relief is available only when there has been a violation of the petitioner's state or federal constitutional rights.  See Tenn. Code Ann. § 40-30-203.  The pleading asserting the claim(s) for relief

> must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

Id. § 40-30-206(d).  Where the petition is filed pro se, as in this case, and fails to meet these criteria, the trial court has the discretion to "enter an order stating that the petitioner must file an amended

---

[1] While the Defendant is now contending that his arrest was not sufficient grounds for revocation, we note that the amended judgment entered in conjunction with his re-sentencing states "sentence increased after Community Corrections violation conceded."

[2] Sup. Ct. R. 28 Section 5(E) states, in pertinent part: "Contents of Petition -- The petition shall contain: . . . (3) each and every error that petitioner asserts as a ground for relief, including a description of how petitioner was prejudiced by the errors(s); (4) specific facts supporting each claim for relief asserted by petitioner; [and] (5) specific facts explaining why each claim for relief was not previously presented in any earlier proceeding; . . . ."

petition that complies with this section within fifteen (15) days or the petition will be dismissed." Id.

We have carefully reviewed the Defendant's petition and find that the trial court did not err in concluding that the petition did not meet the statutory criteria for further proceedings. Accordingly, the trial court did not err in ordering the Defendant to amend his petition within fifteen days. When the Defendant failed to amend his petition as ordered, the trial court correctly dismissed the petition summarily. Contrary to the Defendant's assertions, the petition does not state a colorable claim for relief. Rather, it fails to set forth any constitutional violation other than vague references to "due process," and further fails to state the factual grounds underlying the alleged "due process" violation.

Moreover, as noted by the State, the Defendant's basic complaint -- that the trial court erred when, on the basis of an arrest, it revoked his Community Corrections sentence and re-sentenced him to fourteen years' incarceration -- could have been raised on direct appeal, and was not. This claim has therefore been waived. See id. § 40-30-206(g).

The judgment of the trial court is affirmed.

_____

DAVID H. WELLES, JUDGE